**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ADYS LOPEZ,**

       **Plaintiff,**

**CASE NO.:**

v.

**SF MARKETS, LLC d/b/a**
**SPROUTS FARMERS MARKET and**
**UNKNOWN STORE MANAGER,**

       **Defendants.**

---

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

**ADYS LOPEZ,**

       **Plaintiff,**       **CASE NO.:  20-CA-6745**

  vs.

**SF MARKETS, LLC d/b/a**
**SPROUTS FARMERS MARKET and**
**UNKNOWN STORE MANAGER,**

       **Defendants.**

---

**NOTICE AND PETITION FOR REMOVAL**

**TO:**  The Honorable Judges of the United States District Court
       for the Middle District of Florida

Defendant, SF Markets, LLC d/b/a Sprouts Farmers Market, hereby Petitions for Removal of the above-styled action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to this Court. Removal is proper on the following grounds:

1. Plaintiff filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on or about August 25, 2020. The clerk of that court assigned case number: 20-CA-6745 to the matter (*See* Pl. Compl., attached hereto as Exhibit A.)

2. The Summons and Complaint in this case were served on this Defendant's registered agent on August 28, 2020.

3. Plaintiff's Complaint alleges, *inter alia*, that she, Adys Lopez, was injured at Defendant's store as a direct and proximate result of the negligence of Defendant and an "Unknown Store Manager". (*See* Pl. Compl. ¶ 10.) Plaintiff further alleges that her injuries caused her to incur medical expenses, incur pain and suffering of both a physical and mental nature, incur a permanent injury to the body as a whole, incur loss of ability to lead and enjoy a normal life, incur loss of wages and a loss of wage earning capacity, and that all of those injuries/losses are permanent and will continue into the future. (*See* Pl. Compl. ¶10.).

4. Plaintiff is domiciled in Hillsborough County, Florida and therefore a citizen of the state of Florida. (See Pl. Compl. ¶2).

5. At the time of the Complaint and this Notice of Removal, SF Markets, LLC d/b/a Sprouts Farmers Market was a Delaware limited liability corporation with its principal place of business in Arizona.

6. Sprouts Farmers Markets Holding, LLC is the sole member and manager of Defendant. Sprouts Farmers Markets Holding, LLC is a Delaware limited liability corporation with its principal place of business in Arizona. Sprouts Farmers Market, Inc. is the sole member and manager of Sprouts Farmers Markets Holding, LLC. Sprouts Farmers

Market, Inc. is a Delaware corporation with its principal place of business in Arizona. Accordingly, Defendant, SF Markets, LLC d/b/a Sprouts Farmers Market, is a foreign limited liability company. ("[A] limited liability company… is a citizen of any state of which a member of the company is a citizen" *Mallory & Evans contractors & Eng'rs, L.C.C. v. Tuskegee Univ.,* 635 F.3d 1304, 1305 (11th Cir. 2011).

7. Removal of this action is proper under 28 U.S.C. § 1332, which allows for District Court jurisdiction over, "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332. A corporation is deemed to be a citizen of any state or nation where the corporation is incorporated and in the state or nation where it has its principal place of business. Here, Defendant is a citizen of the states of Delaware and Arizona and Plaintiff is a citizen of the state of Florida.

8. Plaintiff named an "Unknown Store Manager" as a defendant in her complaint. "In determining whether a civil action is removable … the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). This is true even if the store manager was likely [a citizen of the same state as Plaintiff]. *See Walker v. CSX Transp., Inc.,* 650 F.3d 1392, 1396 n. 11 (11th Cir. 2011) ("Moreover, that the fictitious defendants were likely [citizens of the same state as Plaintiff] did not destroy complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction.")

9. Further, although the unnamed defendant in Plaintiff's complaint did not join in this notice of removal, "the requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have

not been properly served." *See Wheeler v. Dekalb Cnty., Ga.,* No. 1:13-cv-4205-WSD, 2014 WL 2041977, at *2 (N.D. Ga. May 16, 2014) (citations and internal marks omitted).

10. Venue is proper in this Court under 28 U.S.C. § 1332.

11. In her Complaint, Plaintiff seeks compensatory damages in excess of Thirty Thousand Dollars ($30,000.00). Nonetheless, it is apparent that the amount in controversy exceeds $75,000.00. Plaintiff alleges that she incurred medical expenses, pain and suffering of both a physical and mental nature, permanent injury to the body as a whole, loss of ability to lead and enjoy a normal life, loss of wages and a loss of wage earning capacity, and that all of those injuries/losses are permanent and will continue into the future. (Pl. Compl. at ¶ 10.)

12. The relevant Florida case law is clear that where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Love v. Northern Tool & Equip. Co.*, 2008 U.S. Dist. LEXIS 59110 (S.D. Fla. Aug. 1, 2008) (considering the amount of a pre-suit demand when deciding whether the amount in controversy requirement was met). However, the United States Supreme Court held that a "removal notice need only plausibly allege, not detail proof of the amount in controversy." *Dart Cherokee Basin Operating Company, LLC v. Owens,* No. 13-719 WL 7010692, at *2 (Dec. 15, 2014).

13. Although Defendant denies that it was the cause of Plaintiff's injuries, it does not dispute that the damages claimed in Plaintiff's Complaint appear serious and significant. Though Plaintiff merely alleges the jurisdictional minimum for filing a claim in Florida's

Circuit Courts (Pl. Compl. ¶ 1), it is evident from her $325,000.00 pre-suit demand that Plaintiff places more than $75,000.00 in controversy in this dispute, exclusive of interest and costs (*See Pre-Suit Demand,* attached hereto as Exhibit B). The past medical expenses Plaintiff relates to her accident in the pre-suit demand total $86,382.45. The amount of those medical bills alone satisfies the amount in controversy requirements for removal.

14. Through the pre-suit demand, Plaintiff's counsel notified Defendant that Plaintiff sustained the following injuries as a result of her fall: a left proximal fifth metatarsal fracture; and a full thickness retracted tear of the supraspinatus tendon with partial articular tear of the infraspinatus tendon in the right shoulder, which required surgical repair. (*See* Exhibit B). Defendant was also advised that Plaintiff's right shoulder injury is a permanent injury and that Plaintiff is unable to perform activities of daily living as a result of her shoulder injury.

15. Given the foregoing, Defendant asserts that the amount in controversy in this matter clearly exceeds the jurisdictional minimum, exclusive of interest and costs. *See Logsdon v. Duron, Inc.,* Case No.: 3:05cv243J-16HTS, 2005 WL 1163095, at *2 (M.D. Fla. May 17, 2005) (holding that a removing defendant need only show that the amount in controversy will "more likely than not" be satisfied when a plaintiff does not claim a specific amount of damages). *See also Dart Cherokee Basin Operating Company, LLC v. Owens,* No. 13-719, 2014 WL 7010692, at *2 (Dec 15, 2014) (holding a removing defendant need only plausibly allege, not detail proof of, the amount in controversy).

16. Defendant simultaneously files all pleadings it possesses with this Petition for Removal. Defendant will contact the Clerk of the Court to determine what documents on file have not been properly served and will forward those documents to the Court.

Dated: September 11, 2020                          Respectfully Submitted,

/s/ Edward F. Gagain, III, Esq.
**Edward F. Gagain, III, Esq.**
Florida Bar No. 0085154
TRIAL COUNSEL
**Caitlin E. Costa, Esq.**
Florida Bar No. 0112428
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-Mail: egagain@gsgfirm.com
E-Mail: ccosta@gsgfirm.com
Attorneys for Defendant, Sprouts

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Joseph A. Kopacz, Esq. (jkopacz@forthepeople.com; dknetzer@forthepeople.com; kdamico@forthepeople.com and kthompson@forthepeople.com) on this 11th day of September, 2020.

**GOLDEN SCAZ GAGAIN, PLLC**

/s/ Edward F. Gagain, III, Esq.
**Edward F. Gagain, III., Esq.**