UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADYS LOPEZ,

    Plaintiff,

v.                                                                Case No: 8:20-cv-2140-T-36CPT

SF MARKETS, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiff's Motion to Remand (Doc. 5), filed on September 18, 2020. In the motion, Plaintiff contends that this case should be remanded to state court for lack of jurisdiction. Specifically, Plaintiff claims diversity of citizenship is lacking. Plaintiff argues that she has sued the non-diverse store manager who is unknown to her, but known to Defendant, SF Markets, LLC. She claims once the identity of the store manager is discovered in preliminary discovery, she will move to amend her complaint and diversity of citizenship will not exist, warranting remand. Defendant SF Markets, LLC, filed a response in opposition, arguing the amount in controversy has been met and that the Court may not consider the citizenship of fictitious defendants for purposes of its jurisdictional analysis. Doc. 6. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Remand.

## BACKGROUND

This case arises out of a slip and fall incident that occurred on February 19, 2019. Doc. 1-6, ¶ 7. On that date, Plaintiff Adys Lopez was a business invitee at Defendant's store Sprouts Farmers Market located in Tampa, Florida, when she tripped and fell on an old and torn mat causing her to sustain injuries. *Id.* ¶¶ 4, 7, 8, 11, 12. On August 25, 2020, Plaintiff filed a two-count negligence Complaint against SF Markets, LLC d/b/a Sprouts Farmers Market and its unknown store manager in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Doc. 1-6. In her Complaint Plaintiff alleges her damages exceed $30,000. *Id.* ¶ 1. Defendant timely removed the action to this Court on September 11, 2020, on the basis of diversity of citizenship. Doc. 1. Plaintiff moves to remand. Doc. 5.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000,

exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

## DISCUSSION

**A.    Amount in Controversy**

The Complaint alleges damages in excess of $30,000. Because a specific amount is not pleaded, the Court may look to the Notice of Removal to determine if the jurisdictional amount has been met. In the Notice of Removal, Defendant states "past medical expenses Plaintiff relates to her accident in the pre-suit demand total $86,382.45." Doc. 1, ¶ 13. Defendant attaches a copy of Plaintiff's pre-suit demand that itemizes this amount of medical expenses. Doc. 1-2 at 3. Defendant has proffered unambiguous evidence to demonstrate that the amount in controversy has been satisfied. Plaintiff does not argue to the contrary.

B.  **Diversity of Citizenship**

Plaintiff sues SF Markets, LLC d/b/a Sprouts Farmers Market and its "Unknown Store Manager." Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). And in the context of removal, the Federal Rules dictate that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

In her motion to remand, Plaintiff argues that the identity of the store manager will be learned in discovery and that such individual would destroy diversity. Plaintiff's argument is unavailing. Plaintiff is a Florida citizen. The citizenship of Defendant SF Markets, LLC is based on the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (a limited liability company is deemed "a citizen of any state of which a member of the

4

company is a citizen"). According to Defendant's Notice of Removal, Sprouts Farmers Markets Holding, LLC is the sole member and manager of Defendant. Doc. 1, ¶ 6. Sprouts Farmers Markets Holding, LLC is a Delaware limited liability corporation with its principal place of business in Arizona. *Id.* Sprouts Farmers Market, Inc. is the sole member and manager of Sprouts Farmers Markets Holding, LLC. *Id.* Sprouts Farmers Market, Inc. is a Delaware corporation with its principal place of business in Arizona. *Id.* Thus, Defendant is not a citizen of Florida and is diverse from Plaintiff. The Court may not consider the Defendant sued under a fictitious name for purposes of determining diversity. *See* 28 U.S.C. § 1441(b). The parties are diverse, and Plaintiff's motion is due to be denied. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 17, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any